MICHAEL J. MARKOWSKI, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Markowski v. Commissioner
Docket No. 30319-89
United States Tax Court
T.C. Memo 1991-616; 1991 Tax Ct. Memo LEXIS 663; 62 T.C.M. (CCH) 1525; T.C.M. (RIA) 91616; December 12, 1991, Filed *663 An appropriate order of dismissal for lack of jurisdiction will be entered. Max Benkel, for the petitioner. Carol Reeve, for the respondent. DAWSON, Judge, GOLDBERG, Special Trial Judge. GOLDBERG
MEMORANDUM OPINION This case was assigned to Special Trial Judge Stanley J. Goldberg pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181 and 183. [1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE GOLDBERG, Special Trial Judge. This case is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction on the ground that the petition was not filed within the time prescribed by section 6213(a). Petitioner filed a timely objection. Petitioner contends that the notice of deficiency was not mailed to his last known address, *664 within the meaning of section 6212(b)(1). He argues that when the notice of deficiency was actually received, he immediately filed his petition, and, consequently, he seeks to invoke our jurisdiction. The hearing was held in Houston, Texas. The evidence consists of exhibits, oral testimony presented by respondent, and petitioner's written statement in lieu of attendance at the hearing, submitted pursuant to Rule 50(c). In a notice of deficiency dated September 20, 1989, respondent determined a deficiency of $ 78,483 and an addition to tax under section 6651(a)(1) of $ 72,274 for tax year 1987. The series of communications between petitioner and respondent prior to the issuance of the notice of deficiency is complex, and the number of different addresses used by respondent and supplied by petitioner is confusing. Before the commencement of this case, petitioner lived in Houston, Texas. Communication with petitioner concerning the deficiency for 1987 was established by the Internal Revenue Service Center in Houston, Texas. A 30-day letter (Letter 915) explaining respondent's proposed adjustments and dated June 16, 1989, was mailed by the District Director in Houston, Texas, *665 to petitioner at the following address: 6121 St. Augustine Houston, TX 77021 Petitioner's accountant, Alberta Tabony, had been in communication with the Internal Revenue Service Center in Houston, Texas, in connection with another matter. In July 1989, she became aware of the $ 887 addition to tax for 1987. She determined in July 1989, that petitioner's file had been sent, for unknown reasons, to the Internal Revenue Service Center in Austin, Texas, and unsuccessfully attempted to contact that center to resolve the matter. Three letters bearing three different, and incorrect, addresses were mailed from the Austin center concerning this matter. Petitioner offered these letters into evidence. The first letter (Letter 1743) dated July 25, 1989, from the Austin, Texas, Center was addressed to petitioner's employer, Global America, and requested petitioner's address. The copy of the response sent by Global America to respondent supplies the following address: 55 Liberty St. Apt #23-C New York, New York 10005 Petitioner's Houston address, 6121 St. Augustine, which is recited in the caption of the July 25 letter, has been crossed out by hand. On the same date, July 25, 1989, *666 another communication, Letter 2050, Request for Telephone Contact, was addressed by the Austin, Texas, Center to petitioner at: P O Box 854 Wall St Station New York, NY 10268 A second Letter 2050, Request for Telephone Contact, was addressed to petitioner by the Austin, Texas, Center on August 21, 1989, at the following address: 377 Rector Place 25F New York, NY 10280 These three letters concern the $ 887 addition to tax for tax year 1987. On July 28, 1989, petitioner filed his 1988 Federal income tax return and stated his address as: 223 East 21st Street, #4 - R New York, New York 10010 This is the address to which the notice of deficiency for 1987 was mailed (the East 21st Street address). This return was stamped received by the Brookhaven, New York, Service Center on July 31, 1989. On or about August 15, 1989, petitioner moved to a new address: 5 East 22nd St. New York, New York 10010 There is no evidence that petitioner or his accountant provided notification to respondent of this change of address. Before sending his notice of deficiency, respondent made a search of the Internal Revenue Computer Service Audit Information Management System ("AIMS"), which *667 disclosed petitioner's address as: 223 East 21st Street, No. 4 R New York, New York 10010 The envelope containing the notice of deficiency was mailed to petitioner at that address by certified mail, number 16238, by the District Director in Houston, Texas. The envelope was postmarked September 20, 1989. Attached to the envelope in which the notice was sent is Claim Check No. 086576, detached from PS Form 3849-A, the Delivery Notice or Receipt. This form shows that the Postal Service made an attempt to deliver the notice on September 25, 1989, but it was returned to the post office as undeliverable. Another attempt at delivery was made on October 3, 1989. At this point, the notice was returned to the sender. It was stamped received by the Houston District Director's office on November 6, 1989. On November 9, 1989, Ms. Taboney was told by the Internal Revenue Service in Houston that a notice of deficiency had been issued for petitioner's 1987 tax year. In a telephone conversation with respondent on December 14, 1989, she was told that copies of the notice of deficiency would be sent by regular mail both to her and to petitioner. She requested that copies of the notice be *668 sent by overnight mail. She was told that this was not respondent's practice and that the notices would be sent by regular mail. On December 14, 1989, the notice of deficiency was sent by regular mail to the East 21st Street address, and a copy was sent to Ms. Tabony. The notice did not arrive at her office until December 19, 1989, 90 days after it was originally mailed. In an envelope postmarked December 20, 1989, the 91st day after the mailing of the notice, Ms. Tabony sent a petition to the Court by overnight mail. It was received and filed by the Court on the next day, December 21, 1989, two days after the expiration of the period for filing the petition. The jurisdiction of this Court is governed by statute. Sec. 7442. It is well established that to maintain an action in this Court, there must be a valid notice of deficiency and a timely filed petition. Secs. 6212 and 6213; ; ; . A valid notice of deficiency has been issued if it is mailed to the taxpayer's last known address *669 by certified or registered mail. Sec. 6212(a) and (b). If the respondent notifies the taxpayer in compliance with section 6212 by notice addressed to him inside the United States, such taxpayer, as in this case, has 90 days after the mailing of the notice of deficiency to petition this Court for redetermination of the deficiency. Sec. 6213(a). The validity of a notice of deficiency does not depend on receipt by the taxpayer, but rather upon proper mailing to the taxpayer's last known address. , affg. ; , affg. on other grounds ; . Once the notice of deficiency is mailed to the taxpayer's last known address, nothing in the Code requires respondent to take additional steps to effectuate delivery. ; . Petitioner argues that his accountant had *670 a number of telephone contacts with respondent between February and August 1989, which should have been sufficient to inform respondent of his new address. He offers no evidence, however, of having supplied respondent with written notification of his change of address in August 1989 or at any other time. A taxpayer's last known address is that on his most recent return, unless the taxpayer communicates to the IRS "clear and concise" notice of a change of address. Before mailing the notice of deficiency on September 20, 1989, respondent made a check of his computer system for petitioner's address. In petitioner's circumstances, where there is a change of address without notification to respondent between the filing of the most recent return and the mailing of the notice of deficiency, and respondent has checked his computer system to verify the address prior to the mailing of the notice, respondent is entitled to rely on the address shown on the most recently filed return. In the absence of formal notification of the change of address, respondent has no way of knowing that a taxpayer's address has changed. It is well established *671 that in order to protect themselves from the vagaries of the postal system, taxpayers have the responsibility to notify respondent of a change in address. As previously stated, the validity of a notice of deficiency does not require receipt by petitioner. As appeal in this case lies to the Court of Appeals for the Second Circuit, and we note that in , affg. an unreported order of this Court, the Second Circuit held, in a case indistinguishable from the one before us, that a taxpayer who changes his address between the dates of the filing of his return and the mailing of the notice of deficiency has the responsibility to communicate to the Commissioner a "clear and concise notification" of any change in address. In Tadros the taxpayer had arguably done more than petitioner has done to notify respondent of his address in that he corresponded with the Holtsville, New York, Service Center using a letterhead with his new address, but did not explicitly notify the IRS that he had relocated permanently and wished all further communications to be addressed to him at that address. Therefore, because the petition *672 was not filed within the 90-day period provided by section 6213(a), we have no jurisdiction. Accordingly, respondent's Motion to Dismiss for Lack of Jurisdiction will be granted. To reflect the foregoing, An appropriate order of dismissal for lack of jurisdiction will be entered. Footnotes
1. All section references are to the Internal Revenue Code in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩